**INTERNATIONAL & G. N. R. CO. et al. v. McADA et al. (No. 7201.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1924.)

1. **Appeal and error ⚖══692(1), 728(2), 757 (2)—Assignments complaining of refusal to strike out testimony not set out held not to present question for review.**

Assignments of error complaining of refusal of trial court to strike out evidence pertaining to certain matter do not present question for review, where objectionable testimony is not set out in appellant's brief, nor in bill of exceptions, or in assignment as copied in brief.

2. **Appeal and error ⚖══204(1)—Admission of testimony cannot be objected to for first time on appeal.**

Defendants cannot object to testimony for first time on appeal.

3. **Appeal and error ⚖══882(9)—Assignment complaining of refusal to strike out answers overruled when witness goaded into giving them, and court told jury to disregard them.**

Where witness was goaded, on cross-examination by appellants, into making answers objected to, which trial court directed jury to disregard, assignment complaining of refusal to strike out such answers will be overruled.

4. **Trial ⚖══255(14)—Duty to instruct on measure of damages depends on form and language of special issues submitted.**

Ordinarily in cases submitted on special issues, duty of court to instruct on his own mo-

tion on measure of damages arises from and depends on form and language of those issues.

**5. Appeal and error �köö757(1)—Assignment complaining of failure to instruct on measure of damages overruled when brief does not show special issues.**

In action against carrier, assignment complaining of trial court's failure on his own motion to instruct jury on measure of damages will be overruled, where appellant's brief does not set out special issues submitted, and hence failed to show duty to so instruct.

**6. Pleading ⊖ 149—In shipper's action against carriers, one carrier may interpose cross-action against codefendant for recovery over.**

In action against two carriers for damage to shipment, one carrier may, despite Rev St. 1911, arts. 731, 732. as amended by Acts 1919, c. 165 (Vernon's Ann. Civ St. Supp. 1922, arts. 731, 732), declaring article 1830, § 25, as to apportionment of liability, inapplicable, without plaintiff's consent, by cross-action recover over against its codefendant, but in such case plaintiff's judgment will not be jeopardized by cross-action.

**7. Pleading ⊖ 149—Allegations of cross-complaint of one defendant against another must allege cause of action.**

Allegations of cross-complaint of one defendant against another must show cause of action, and must be as full and specific as plaintiff's petition.

**8. Pleading ⊖ 149—Cross-action by defendant carrier against its codefendant held not to state cause of action.**

In action by shipper against two carriers, cross-complaint of one carrier against its codefendant, merely alleging that, if damages occurred, they occurred on codefendant's line, *held* not to state cause of action.

Appeal from Atascosa County Court; Earl D. Scott, Judge.

Action by L. D. McAda and another against International & Great Northern Railroad Company and the San Antonio Southern Company, which interposed cross-action against its codefendant. From a judgment for plaintiff against both defendants, they appeal. Affirmed.

Briscoe, Morris & Green, of Devine, and L. B. Wiseman, of Floresville, for appellants.

Garnand & Hardy, of Jourdanton, for appellee.

SMITH, J. This is an ordinary suit against two connecting carriers for damages to live stock transported by them between points within this state. The shipper recovered a joint judgment against both carriers, who have appealed. The International & Great Northern Railroad Company's brief will be considered first.

In its first five assignments of error, appellant, in one way or another, attacks the sufficiency of the evidence to support the verdict and judgment in this cause, but we are of the opinion that this evidence was sufficient to take the case to the jury, whose finding thereon will not be disturbed. Those assignments are overruled.

[1] In its sixth and seventh assignments of error, appellant complains of the refusal of the court below to strike out "all evidence pertaining to improper bedding of the cars" in which the cattle were moved. What the objectionable testimony consisted of, however, is not set out in appellant's brief nor in the bill of exceptions upon which the assignments are based, nor in the assignment as copied in the brief. In such case nothing is presented here for review, and the assignments are overruled.

[2] Objection is urged here to the admission of the testimony of appellee McAda, that the loss and depreciation sustained by the cattle damaged appellees in the sum of $500. It appears from the bill of exceptions presenting this matter, however, that appellants did not object to the introduction of this evidence, but permitted it to go to the jury without objection. It is too late to raise this objection for the first time in this court, and appellant's eighth and ninth assignments of error will be overruled.

[3] In appellant's tenth assignment of error complaint is made of the refusal of the trial court to strike out certain answers of appellee McAda to questions propounded to him by appellant's counsel on cross-examination. The qualification appended to the bill of exception by the trial court states, in effect, that the witness was goaded by appellant into making the answers objected to, and that the court directed the jury to disregard those answers. For these reasons this assignment will be overruled.

[4, 5] The eleventh and last assignment of the International Company will also be overruled. In this assignment complaint is made of the failure of the court, upon his own motion, to instruct the jury upon the appropriate measure of damages in the case. The cause was submitted to the jury upon special issues, but these issues are not set out in any of the briefs, either in form or substance, nor does appellant furnish any reference to the record by which the court's charge may be located. Ordinarily, in cases submitted upon special issues, the duty of the court to instruct upon the measure of damages arises from and depends upon the form and language of those issues. Nothing is presented in appellant's brief showing that this duty arose in this case, and the eleventh assignment must be overruled.

[6] The two carriers in their briefs engage in a controversy as to whether or not, under the provisions of articles 731 and 732, R. S., as amended by the act of 1919 (Vernon's 1922 Supp. pp. 164, 167), one carrier in an original suit of this character may by

⊖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cross-action recover over against another carrier, and thus procure between them, according to their respective liabilities, an apportionment of the damages recovered jointly or severally against them by the plaintiff. This question is presented here by the San Antonio Southern Company in its first assignment of error, in which complaint is made of the action of the court below in sustaining the International Company's general demurrer to the San Antonio Southern Company's cross-action against it.

It is provided in section 25, art. 1830, R. S. that a suit for damages to a particular shipment may be brought by the shipper against either or all the connecting carriers handling such shipment, and that when damages recovered in such suit, against more than one defendant not partners in the transaction, such "damages shall, on request of either party, be apportioned between the defendants, by the verdict of the jury, or, if no jury is demanded, then by the judgment of the court." It is provided in article 732, as now amended, however, that in cases of through intrastate shipments, "either or all of such connecting carriers as the person or persons sustaining such damage may elect to sue therefor in this state, shall be held liable to such person or persons. The provisions of article 1830, subd. 25, of the Revised Civil Statutes of 1911, allowing an apportionment of damage, shall not be applicable to suits brought by such person or persons under the provisions of this act, except upon the plaintiff's request. Any carrier or carriers held liable under the provisions of this act shall be entitled in a proper subsequent action to recover the amount or any loss, damage, or injury it has been required to pay under this act, from the carrier or carriers through whose negligence, the loss, damage, or injury was sustained, together with all costs of suit; and for the purpose of such recovery, it shall only be necessary that the carrier against whom judgment was had, to show which carrier or carriers caused the loss or damage and produce satisfactory evidence, that the judgment rendered against it has been paid; and in this latter action between the carriers, the provisions of article 1830, subd. 25, shall be applicable."

Now, it is contended by the International Company that the provision in article 732, that, where more than one carrier is sued, apportionment of the damages recovered by the shipper shall not be permitted except upon request of the plaintiff, operates to prevent either defendant from asserting, in the original proceeding, a cross-action against its codefendants. The question has not been without its difficulties, but we have reached the firm conclusion that the assertion of such cross-action is not inhibited by the statute in question, and in the absence of such inhibition we hold that the cross-action may be asserted under the general rule against multiplicity of suits.

The provision depriving the carriers of the option of forcing apportionment in the plaintiff's suit was enacted for the benefit of the shipper, so as to relieve him of the burden of showing the relative liabilities of the several carriers, who ordinarily have possession of the facts, and of the means of producing proof of such facts. When the shipper proves the damages occasioned to his property while being received, transported, and delivered, he is entitled to his judgment without reference to the question of the relative responsibility of the several carriers concerned in the movement. But when he obtains this adjudication there is no provision in the statute, and certainly no rule of reason, which may prevent the carriers themselves from procuring an adjudication, by cross-action in the same proceeding, of the question of their relative responsibility. The apportionment provided in section 25, art. 1830, being denied the carriers, the simplest remedy left to them is adjudication by means of cross-actions interposed in the original proceedings, and tried out along with, but not as a part of, the primary issue betwen shipper and carriers.

The statute is positive only in that it deprives the carriers of the option of lugging their internecine controversies into the suit of the shipper, who is not concerned with, and has no means of aiding in the settlement of, those controversies. When the plaintiff obtains his judgment that judgment will not be jeopardized by the controversy between the defendants over their cross-actions. If error occurs in the latter adjudication, a new trial may be granted as to it, or the judgment thereon reversed, without disturbing the plaintiff's judgment.

[7, 8] In view of these conclusions we would reverse the judgment of the trial court as between appellants, if the San Antonio Southern Company had properly pleaded its cross-action. In its pleading that company simply alleged in general terms that even if any of the damages to appellees' cattle "as alleged in plaintiffs' petition * * * did occur on this defendant's road, same was caused by the act of its codefendant International & Great Northern Railway Company, and not on account of the negligence of this defendant or its employés or agents. Wherefore, this defendant says that it is entitled to a judgment over and against its codefendant International & Great Northern Railway Company, in event a judgment is rendered herein in favor of plaintiff against this defendant, and this defendant prays that it have such a judgment." To this pleading the court below sustained a general demurrer urged against it by the International Company. We think there was no error in this ruling. We understand the rule to be that in a cross-complaint of one de-

fendant against another the allegations must be sufficient within themselves to show a cause of action in the pleader; that they must be as full and specific as that required in a plaintiff's petition. Certainly this pleading does not meet that test. If it had been an original petition it would not survive the test of a general demurrer, even though aided by all the formalities showing parties, jurisdiction, venue, and the like. For this reason we overrule this assignment of error presented by the San Antonio Southern Company, as well as its two remaining assignments. The latter raise the question of the sufficiency of the evidence, which we have heretofore passed upon.

The judgment is affirmed.